IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

HAKEEM RICHARD BARNES,

     Petitioner,

v.                               CASE NO. 4:15-cv-170-MW-GRJ

ERIC H. HOLDER, et al.,

     Respondents.

_____

## REPORT AND RECOMMENDATION

Petitioner initiated this case by filing a second amended petition (the "petition") for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 8.) The petition challenges Petitioner's continued detention in the Krome Service Processing Center pending removal to Jamaica pursuant to an order of an immigration judge. The Court directed service of the petition on Petitioner's custodian and on the United States Attorney General. Now pending before the Court is ECF No.15, Respondents' motion to dismiss the petition as moot because Petitioner was removed from the United States to Jamaica on June 25, 2015. Petitioner has failed to file a response, and the time for doing so has now passed. Accordingly, this matter is ripe for review. As support for the motion, Respondents have submitted a copy of the 1-216, Record of Persons and Property Transferred. (ECF No. 15-1.)

"Article III of the Constitution limits the jurisdiction of federal courts to the consideration of 'Cases' and 'Controversies.' In turn, the 'case or controversy' constraint imposes on federal courts a 'dual limitation' known as justiciability. 'The doctrine of justiciability prevents courts from encroaching on the powers of the elected branches of

government and guarantees that courts consider only matters presented in an actual adversarial context.'" *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002)  (citations omitted).  "The doctrine of mootness derives directly from the case or controversy limitation because 'an action that is moot cannot be characterized as an active case or controversy.'" *Id.* (citations omitted).  "'[A] case is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief.'" *Id.* (citations omitted).

In *Soliman*, the Eleventh Circuit dismissed as moot an appeal filed by an alien who had sought habeas corpus relief from his continued detention pending execution of a removal order.  The alien was removed from the United States while the appeal was pending. In light of his removal, the Court found that it was "abundantly clear" that the appeal was moot because the relief sought by the alien—release from detention pending removal, in addition to other relief—could not be effected by any order from the Court since the alien was no longer being detained.  *Id*. at 1243.  The Court further determined that there was no basis for invoking the exception to the mootness doctrine for cases that are capable of repetition yet evading review, because there was "absolutely no reason to believe that he will again be detained . . . under the same circumstances[.]" *Id.*

In light of this authority, the Court concludes that the instant habeas corpus petition is moot.  Because Petitioner has been removed from the United States to Jamaica, no order from this Court directing his release from detention pending final removal could have any effect. *See id.*

Accordingly, it is respectfully **RECOMMENDED** that Respondents' Motion to

Dismiss the petition as moot, ECF No. 15, should be **GRANTED.**

**IN CHAMBERS**  this 7th  day of October 2015.

*s/Gary R. Jones*

GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.